IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:13-CR-161 |
| v. | ) | |
| | ) | |
| | ) | |
| LUIS ANTONIO ALFARO, | ) | (REEVES / GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.§ 636(b) for disposition or report and recommendation as may be appropriate. This case came before the Court on June 23, 2015, for a pretrial conference and motion hearing on Defendant Alfaro's Motion of the Defendant for a Continuance [Doc. 771], filed on June 4, 2015. Assistant United States Attorney Brooklyn Sawyer appeared on behalf of the Government. Attorney Francis L. Lloyd, Jr., represented the Defendant, who was also present and participated with the aid of an interpreter.

By way of background, the Court observes that the Defendant had an initial appearance and arraignment in this case on February 19, 2015, approximately fourteen months after the Indictment [Doc. 3] was filed. The Defendant asks [Doc. 771] to continue the June 30 trial of this case. He contends that counsel has received discovery from the Government in the form of a hard drive containing over 200 gigabytes of data. He states that counsel needs additional time to review the discovery and to confer with him about the discovery with the aid of a Spanish-

1

language interpreter. Thus, he argues that a continuance of the trial and all associated deadlines in this case would further the ends of justice.

At the June 23 hearing, Mr. Lloyd stated that a trial continuance was necessary due to the voluminous discovery in this case. He stated that the Defendant belatedly entered the case because he had moved to Atlanta, Georgia, for work. Counsel agreed that the Defendant was waiving his speedy trial rights with regard to the instant motion. The Government did not object to the requested continuance. The parties agreed on a new trial date of January 12, 2016.

The Court finds the Defendant's motion to continue the trial to be unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Sealed Indictment [Doc. 3] charges the Defendant with conspiring with thirty-four codefendants to distribute and possess with intent to distribute cocaine and crack from August 1, 2012, to December 2, 2013 (Count One) and with money laundering (Count Fifty-eight). The Government has advised [Doc. 113 and 132] the Court that the investigation of this case spanned one and one-half years and involved over fifty controlled drug purchases and fifteen wiretaps, which yielded thousands of intercepted wire and electronic communications. The discovery is contained on a hard drive. The Court finds that defense counsel needs additional time to review the voluminous discovery, to locate and interview witnesses, and to prepare the case for trial. The Court finds that this preparation cannot take place by the June 30 trial date or in less than six and one-half months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's motion [**Doc. 771**] to continue the trial is **GRANTED**, and the trial is reset to **January 12, 2016**. The Court finds that all the time between the filing of the Motion of the Defendant for a Continuance on **June 4, 2015**, and the new trial date of **January 12, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to additional scheduling in this case, the deadline for filing pretrial motions is extended to **August 7, 2015**. Responses to motions are due on or before **August 21, 2015**. The Court instructs the parties that all motions *in limine* must be filed no later than **December 28, 2015**. Special requests for jury instructions shall be submitted to the District Court no later than **December 31, 2015**, and shall be supported by citations to authority pursuant to Local Rule 7.4. The parties are to appear before the undersigned for a final pretrial conference on **January 4, 2016, at 11:00 a.m.** This date shall also be the new deadline for providing reciprocal discovery and the deadline for concluding plea negotiations.

Accordingly, it is **ORDERED** as follows:

(1) The Motion of the Defendant for a Continuance [**Doc. 771**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **January 12, 2016**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, United States District Judge;

(3) All time between the filing of the motion on **June 4, 2015**, and the new trial date of **January 12, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Defendant Alfaro's motion deadline is extended to **August 7, 2015**;

(5) Responses to motions are due on or before **August 21, 2015**;

(6) Motions *in limine* must be filed no later than **December 28, 2015**;

(7) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **December 31, 2015**;

(8) The parties are to appear before the undersigned for a final pretrial conference on **January 4, 2016, at 11:00 a.m.**; and

(9) **January 4, 2016** is also the deadline for concluding plea negotiations and providing reciprocal discovery.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge

4

Case 3:13-cr-00161-PLR-HBG   Document 782   Filed 06/25/15   Page 4 of 4   PageID #: 3843